SUCCESSION OF D. F. FELLON.    OPPOSITION TO ADMINISTRATOR'S
ACCOUNT.

FARMER, J.   Where the case was made returnable on motion
of appeal in open court, in June, 1880, and the appeal was filed
in the Circuit Court in July 1880, held, on motion to dismiss
appeal :
1.   No order of transfer from Supreme Court to Circuit Court
was necessary.   The Constitution, by changing the jurisdiction
of such appeals, operated a transfer without legislative assistance.
2.   Although the appeal was made returnable to one court in
June, and the bond was filed in another court in July, no new
order of appeal or notice of the change to appellee was necessary,
all parties being bound to take notice of a change in the Consti-
tution and laws.
3.   An appeal bond may be filed after the return day in the
Supreme Court, provided the bond be filed within three judicial
days after the return day.   5 An. 31.   The bond in this case having
been filed on the first day on which Circuit Court met after the
return day, was not too late.
4.   The rule of practice allowing three days after the return
day for filing transcripts in the Supreme Court, not applicable to
Circuit Court, for the reason that the terms of said Courts, as fixed
by the Constitution, will not admit of such delay.   In all appeals
to this Court, the bond, which is with us· equivalant to the tran-
script in the Supreme Court, must be filed on or before the return
day, or on the first day after said return day, on which the
Court sits.   Rule I adopted by Second Circuit Court.

JOHN H. HERLONG VS. JOHN W. WOMBLE, SHERIFF.

FARMER, J.   Where judgment for $175, with ten years' interest
is injoined, and property seized, worth over one thousand dollars,
is claimed exempt as a homestead, the Circuit Court will *ex officio*
notice its want of jurisdiction, and dismiss the appeal.